## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TAMMIE POWELL, | § |
| | § |
| Plaintiff, on behalf of herself | § |
| and all others similarly situated, | § |
| | §   CIVIL ACTION NO. |
| v. | § |
| | § |
| PROCOLLECT, INC., and | § |
| BARRY CURTIS, individually, | § |
| | § |
| Defendants. | § |

### NATURE OF ACTION

1.     This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to the plaintiff's action occurred in this State and this district, where the plaintiff resides in this State and this district, and where the defendants transact business in this State and this district.

### PARTIES

4.     Plaintiff Tammie Powell ("Plaintiff"), is a natural person who at all relevant times resided in West Point, Mississippi.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Procollect Incorporated ("Procollect"), is a foreign corporation formed under the laws of Texas.  Procollect's principal offices are situated at:  12170 Abrams Rd. #100, Dallas,

TX 75243, and it may be served by and through its registered agent:  David Goodhart  190 S. Collins Rd., Ste. 102, Sunnyvale, TX 75182.

7.      Procollect is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Barry Curtis ("Curtis") is an individual residing in Dallas, Texas.  Curtis serves as Procollect's vice-president and director.  Curtis also serves as "Chief Recovery Officer."  He may be served at: 12170 Abrams Rd. #100, Dallas, TX 75243.

9.      Curtis is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.     Defendants Procollect and Curtis act jointly and in concert to collect consumer debts incurred primarily for personal, family or household purposes.

11.     Procollect and Curtis are referred to jointly as Defendants.

## FACTUAL ALLEGATIONS

## I.      PROCOLLECT INCORPORATED ("PROCOLLECT").

12.     Procollect is a debt collection agency for-hire on a contingent basis.  ProCollect charges no up front fees. All monies spent on the recovery process, i.e. stamps, letters, skip-tracing fees, directory assistance, long distance, toll free fee's (800), credit bureau extraction and placement, etc. are at Procollect's expense.  Procollect advertises:. "If you don't get paid, we don't get paid."[1]

13.     Procollect claims: "Our reputation for delivering higher than expected returns, state of the art software and skip tracing, allows us the ability to track and recover your accounts at more than double the National average."[2]

14.     Procollect partners with Metroplex Mail to create voluminous debt collection "letter campaigns" for its clients.

---

[1] https://www.procollect.com/why-choose-procollect.php .
[2] https://www.procollect.com/why-choose-procollect.php .

15.     Procollect is insured up to: "$1,000,000.00 per occurrence, $2,000,000.00 aggregate General Liability Policy and we are Bonded with a 3rd party debt collection bond."[3]

16.     Procollect advertises:

> PCI retains an attorney for the best possible results and the ever changing collection laws in the various states we handle collections, protecting our client's interest and avoiding frivolous lawsuits. Our attorney specializes in collection law to give PCI and our clients the important edge should we need to use our attorney's services.

17.     Procollect's debt-collection technological infrastructure consists of the following non-exclusive component parts:

**National Locating Databases**

> Accounts are automatically processed through "real time" National skip-tracing databases upon entry into our system. Everyday new information is automatically scanned through our database and attached to debtors located in our system.

**Document Imaging System**

> We scan all documents into our system to create an electronic file for each account. This allows our collectors to view every document sent by our clients with a click of a button. This feature dramatically increases the collector's number of phone calls as they spend less time looking for files when debtors request to review them. More phone calls mean more money collected for our clients.

**24/7 Account Status**

> Clients have 24/7 access through our website to view any debtor placed and their collection status, run performance reports and keep up to date records on our collection percentages.

**Caller ID Capture**

> Allows us to identify the location and phone number of most incoming calls.

---

[3] https://www.procollect.com/why-choose-procollect.php.

**Internet Skip Trace Sites**

Every collector's computer is on-line with numerous skip-trace sites. This allows our collectors the ability to capture and locate new information on debtors, allowing better results and faster returns for our clients.

**On Line Credit Search**

Our software allows each collector the ability to pull credit reports from all three of the major credit bureaus (Trans Union, Equifax & Experian) and download the information directly into the debtors account.

**Automated Letter**

Within the predefined parameters, our software will generate follow up, reminder, demand, or settlement letters without any collector intervention. However, each collector has the ability to generate their own letter sequence, as they deem necessary as per the debtor's response or action.

**Checks By Phone**

This feature allows our collectors the ability to accept personal checks over the telephone and deposit the payments immediately.

**On Line Payments**

Our website has a link to allow every debtor the ability to make a payment to their account. All letters sent to debtors let them know that they can go to our web site and make their payment.

(emphasis in original).[4]

18. ProCollect's in-house IT department has designed and written software to be specifically used for Procollect's debt-collection enterprise.

19. ProCollect recently upgraded its predictive/auto dialer technology to a hosted internet based solution. Procollect's auto dialer technology employs proprietary algorithms and dialing logic with SIP/VoIP technology.

---

[4] https://www.procollect.com/our-technology.php .

20.     Procollect's technology, when applied to its business records, is capable of producing detailed and specific reports concerning each aspect of its collection activity on an account-by-account, or aggregate basis.

21.     Procollect advertises its reporting capacity as follows:

ProCollect offers our clients many different reports. In addition to our standard reports, we can customize a report to satisfy your company's needs. All of our company reports are available on-line. Collection Reports.

We have numerous Collection Reports available for your review. Our Summary Collection Report is our most comprehensive and commonly requested report. This one report will keep your outstanding collections up to date and organized, allowing your staff the ability to review the accounts placed, amount of money placed, amount of money collected, and collection percentages in an easy to read report.

**Debtor Inventory Report.**

This report shows a list of all accounts placed for collections. Included is the name of the debtor, account number, original amount placed, outstanding balance, date account placed for collections, and account status. This report can be run alphabetically or by placement date.

**Monthly Statements.**

Each month you will receive a monthly statement showing all accounts collected. The statement includes the debtors name, your specific account number, our account number, amount paid, balance remaining, and status of account. Paid In Full, Settled, or Active.

**Client Acknowledgement Report.**

When accounts are placed for collections, letters are immediately mailed to the debtors and a Client Acknowledgement is mailed to your company showing a listing of all debtors that were set up in our collection system and the type of letter that went out to the debtor.

(original emphasis).[5]

22.    Procollect has advertised its corporate culture as:  "Your satisfaction is our bottom line. We believe in the slogan 'you say jump … we say how high.'"

## II.    INDIVIDUAL DEFENDANT BARRY CURTIS ("CURTIS").

23.    Curtis serves as vice president and director to Procollect.  He also holds the title of "Chief Recovery Officer."

24.    Curtis manages nearly all aspects of Procollect's debt-collection enterprise.

25.    Curtis authors Procollect's standardized form collection letters.

26.    Curtis authored the standardized form debt collection letter which Plaintiff alleges violates the FDCPA.

27.    Throughout the class period defined *infra*, Curtis engaged directly in the collection of debts, including without limitation, by actually sending some collection letters to consumers, reviewing accounts, and handling disputes.

28.    Throughout the class period defined *infra*, Curtis directly and/or indirectly participated in the collection activities of Procollect and/or its clients.

29.    Throughout the class period defined *infra*, Curtis directly or indirectly materially participated in collecting or attempting to collect debts owed or due, or asserted to be owed or due another, by occupying positions of critical importance to Procollect and/or its clients.

30.    Throughout the class period as defined *infra*, as an officer and director, Curtis exercised control over the affairs of a debt collection business through Procollect, and was at all times relevant engaged, directly or indirectly, in the collection of debts through involvement in, and through exercising significant management and control over, Procollect business affairs.

---

[5] https://www.procollect.com/company-reports.php .

31.     Throughout the class period as defined *infra*, Curtis played a key role in maintaining and expanding Procollect's debt collection activities.

32.     Throughout the class period as defined *infra*, as an officer, director, and key manager, Curtis exercised material control over Procollect's debt-collection enterprise, and Curtis materially authorized and/or directed and/or participated in the violations of the FDCPA set forth below.  He is personally liable notwithstanding the extent, if any, to which he acted as an agent of Procollect and not on its own behalf.

## III.   THE CORPORATE VEIL NEED NOT BE PIERCED BEFORE CURTIS CAN BE HELD LIABLE FOR THE VIOLATIONS OF THE FDCPA SET FORTH HEREIN.

33.     The Sixth Circuit and most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA.  *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F.Supp.2d 891, 903 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney*, P.C., 372 F. Supp. 2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs.*, Ltd., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn. 1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc*., 912 F. Supp. 1354, 1372 (E.D. Cal. 1995); *Teng v. Metro. Retail Recovery Inc*., 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

34.     "Courts have held that officers and employees of the debt collecting agency may be jointly and severally liable with the agency."  *Carroll v. United Compucred Collections, Inc*., No. 1-99-0152, 2002 WL 31936511 at *5 (M.D. Tenn. Nov. 15, 2002) (citing *Ditty v. Checkrite,*

*Ltd.*, 973 F. Supp. 1230, 1336-37 (D. Utah 1997); *Teng v. Metropolitan Retail Recovery*, Inc., 851 F.Supp. 61, 67 (E.D. N.Y. 1994); *West v. Costen*, 558 F. Supp. 564, 587 (W. D. Va. 1983).

35.    Here there is no issue of piercing the corporate veil or disregarding the corporate entity before Curtis can be held personally liable for the violations of the FDCPA alleged in this complaint.  *Carroll v. United Compucred Collections, Inc.*, 2002 WL 31936511 at *5 (M.D. Tenn. Nov. 15, 2002); *Kistner*, 518 F.3d at 437 (6th Cir. 2008) ("In other words, contrary to [the defendant's] argument that he cannot be personally liable because he did not participate in sending the specific letter to Kistner, he may be personally liable on the basis of his participation in the debt collection activities of the LLC more generally.").

36.    An individual, regardless of rank or status, is personally liable under the FDCPA if the individual: (1) materially participated in collecting the debt at issue, *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D. Cal. 2006); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 862 (D. Ariz. 1999); (2) "exercise[d] control over the affairs of [the] business," *Piper v. Portnoff Law Assocs.*, 274 F. Supp. 2d 681, 689-90 (E.D. Pa.. 2003); (3) was personally involved in the collection of the debt at issue," *Musso v. Seiders*, 194 F.R.D. 43, 46 (D. Conn. 1999); or (4) "was regularly engaged, directly and indirectly, in the collection of debts."  *Kistner v. Law Offices of Michael P. Margelefsky*, L.L.C., 518 F.3d 433, 438 (6th Cir. 2008) (quoting Ditty, 973 F.Supp. at 1337 (D. Utah 1997)).  *See also See Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn.1999) ("A high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector."); *Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320, 1336-37 (D.Utah 1997) (finding that a collection firm's attorney was personally liable under the FDCPA after meeting the definition of a debt collector); *Teng v. Metropolitan Retail Recovery,*

*Inc.*, 851 F.Supp. 61, 67 (E.D.N.Y.1994) (same); *West v. Costen*, 558 F.Supp. 564, 587 (W.D. Va. 1983) (same).

## IV.    DEFENDANTS' ATTEMPTS TO COLLECT AN ALLEGED CONSUMER DEBT FROM PLAINTIFF.

37.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due an original creditor other than Defendants; namely, Cypress Park Apartments / AM.

38.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

39.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

40.    Defendants acquired Plaintiff's obligation, or alleged obligation, originally owed or due, or asserted to be owed or due an original creditor other than Defendants, when it was charged-off or in default.

41.    On or about June 4, 2010, Defendants printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.  A true and correct copy of the June 4, 2010, letter is attached as Exhibit "C" and set forth below for ease of reference. (The "Letter").

P.O. Box 550369
Dallas, Texas 75355-0369

**ProCollect**
INCORPORATED

(214) 341-7788
(800) 732-3799

2570 · 24

June 04, 2010

TAMMIE POWELL
737 E MORROW ST
WEST POINT, MS 39773-2521

| Creditor: | CYPRESS PARK APARTMENTS / AM |
| Account #: | 40983-001-874414 |
| Customer #: | 40983 |
| Amount Due: | $171.85 |
| Collection Fee: | + $7.50 |
| Total Due: | $179.35 |

Dear Tammie Powell,

Your account has been referred to us for immediate attention. The failure to timely validate the referenced amount due will cause us to report your account to the credit reporting agencies. The negative mark on your credit can remain for up to seven (7) years, and may, among other things, significantly affect your ability to:

    (1) OBTAIN CREDIT;
    (2) OBTAIN EMPLOYMENT;
    (3) PURCHASE HOME OR CAR; OR
    (4) QUALIFY FOR APARMENT RENTAL

Please add a $7.50 collection fee to each payment made, if you have any questions regarding your account please call the number above. If you wish to pay your debt online, please visit us at www.procollect.com.

Sincerely,

Curt Bond

ProCollect, Inc.

Si usted necesita ayuda a traducir o leer esta notificación, por favor nos llama inmediatamente para ayuda en español.

We are obligated to inform you that you have 30 days from the date of this letter to dispute the amount owed (or any portion thereof). If you notify us in writing within the 30-day period that any portion of the debt is incorrect, we will provide you with evidence from the Creditor that the debt is valid. In this same written notice, you may also ask us to provide you with the name and address of the original creditor, if it is different from the current Creditor. If you do not notify us in writing within the 30-day period that the debt, or any portion thereof, is incorrect, we will assume that the entire debt is valid and proceed with and pursue all collection methods available to us under the law. Finally, please understand that this is an attempt to collect a debt. Any information obtained will be used for that purpose.

Please return this coupon with your payment or visit www.procollect.com to make an online payment.

| FullName: | TAMMIE POWELL |
| Account #: | 40983-001-874414 |
| Customer #: | 40983 |
| Total Due: | $179.35 |
| Amount Paid: | |

☐ Check Enclosed

☐ Charge My  ☐ *VISA*  ☐ MasterCard  ☐ DISCOVER

Card #:

Exp Date: _____ CVV: _____ Card Security Code.
Unsure? Call our office

Billing Address: _____

City: _____ State: _____ Zip: _____

(Exhibit "C").

42.     The Letter represents Defendants' initial written communication to Plaintiff.

43.     The Letter fails to provide the disclosures required by 15 U.S.C. § 1692g(a)(1) – (3), and Defendants failed to provide Plaintiff with such disclosures within five (5) days thereafter.

44.     Defendants, as a matter of pattern and practice, mail or send, or cause to mailed or sent, communications to alleged debtors using language substantially similar or materially identical to that utilized by Defendants in mailing, or causing to be mailed, the Letter to Plaintiff, and as a matter of pattern and practice fails to provide the disclosures required by 15 U.S.C. § 1692g(a)(1) – (3), within five (5) days thereafter.

45.     Defendants, as a matter of pattern and practice, mails or causes the mailing of letters to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above cited letter to Plaintiff.

46.     The Letter is a standardized form debt-collection letter which, upon information and belief, was sent over the course of the past year by Defendant to at least 200 consumers residing in Mississippi.

## CLASS ALLEGATIONS

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

48.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in Mississippi who, within one year before the date of this complaint, received a letter on Procollect letterhead in connection with an attempt to collect any consumer debt, where the letter was substantially similar or materially identical to the letter delivered to Plaintiff.

49.     The proposed class specifically excludes the United States of America, the states of the 5th Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

50.     The class is averred to be so numerous that joinder of members is impracticable.

51.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

52.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

53.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. §1692 *et. seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

54.     The claims of Plaintiff are typical of those of the class she seeks to represent.

55.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendants.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

56.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

57.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

58.     Plaintiff is willing and prepared to serve this Court and proposed class.

59.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

60.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

61.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

62.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

63.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

64.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the

questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

65.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT § 1692g(a)

66.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 65.

67.     The FDCPA at section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

68.     In relevant part, the June 4, 2010, Letter reads:

We are obligated to inform you that you have 30 days from the dale of this letter to dispute the amount owed (or any portion thereof), **If you notify us in writing** within the 30-day period that any portion of the debt is incorrect, we will provide you with evidence from the Creditor that the debt is valid.  In this same written notice, you may also ask us to provide you with the name and address of the original creditor, if it is different from the current Creditor.  **If you do not notify us in writing** within the 30 day period that the debt, or any portion thereof, is incorrect, we will assume that the entire debt is valid and proceed with any and all collection methods available to us under the law.  Finally, please understand that this is an attempt to collect a debt, Any information obtained will be used for that purpose.

(Exhibit "C").

69.     The June 4, 2010, Letter states that disputes must be in writing. ("If you notify us in writing within the 30-day period that any portion of the debt is incorrect . . . If you do not notify us in writing within the 30 day period that the debt, or any portion thereof, is incorrect, we will assume that the entire debt is valid and proceed with any and all collection methods available to us under the law.").  Exhibit "C".

70.     The plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent.  Thus, there is no writing requirement implicit in § 1692g(a)(3).  The June 4, 2010, collection notice violated § 1692g insofar as it stated that disputes must be made in writing.  *See Camacho*

*v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005); (defendant violated § 1692g of the FDCPA by stating that her debt would be assumed valid unless she disputed it in writing.).  *See also, for e.g., Vega v. Credit Bureau Enters.,* 2005 WL 711657 (E.D.N.Y. March 29, 2005), *Rosado v. Taylor,* 324 F.Supp.2d 917 (N.D.Ind.2004), *Walters v. PDI Management Services,* 2004 WL 1622217 (S.D.Ind. April 6, 2004), *Nasca v. GC Services Limited Partnership,* 2002 WL 31040647 (S.D.N.Y. Sept.12, 2002), *Spearman v. Tom Wood Pontiac-GMC, Inc.,* 2002 WL 31854892 (S.D.Ind. Nov.4, 2002), *Ong v. American Collections Enterprise,* 1999 WL 51816 (E.D.N.Y. Jan.15, 1999) and *Reed v. Smith, Smith & Smith,* 1995 WL 907764 (M.D. La., 1995); *Jerman v. Carlisle*, 464 F. Supp. 2d 720, 724 (N.D. Ohio 2006); *Brady v. Credit Recovery Co.,* 160 F.3d 64, 67 (1st Cir.1998); *Campbell v. Hall,* 624 F.Supp.2d 991, 1000 (N.D. Ind.2009); *Welker v. Law Office of Daniel J. Horwitz,* 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010); *Baez v. Wagner & Hunt, P.A.,* 442 F. Supp. 2d 1273, 1277 (S.D. Fla. 2006); *In re Turner*, 436 B.R. 153, 158 (M.D. Ala. 2010) (each finding imposition of in-writing requirement violated FDCPA).

71.    The right to dispute a debt orally is important because oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute.  15 U.S.C. § 1692e(8); *Brady v. Credit Recovery Co.,* 160 F.3d 64, 67 (1st Cir.1998).  Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute.  15 U.S.C. § 1692h.  Moreover, a debtor's oral notification to a debt collector entitles a debtor to relief under § 1692c(a)(1), which bars communication with a debtor at "a time or place known or which should be known to be inconvenient to the consumer."  15 U.S.C. § 1692c(a)(1).

72.     Defendants violated 15 U.S.C. § 1692g(a) by mailing, or causing to be mailed to Plaintiff, the June 4, 2010, Letter which states that disputes must be made in writing.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

      a.  Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

      b.  Adjudging that Defendants violated 15 U.S.C. § 1692g.

      c.  Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

      d.  Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

      e.  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

      f.  Awarding such other and further relief as the Court may deem just and proper.

**COUNT II: VIOLATION OF FAIR DEBT COLLECTION**

**PRACTICES ACT § 1692g(a)**

73.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

74.     The FDCPA at section 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —

    *     *     *

(3) a statement that unless the consumer, **within thirty days after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a)(3) (emphasis added).

75.     In relevant part, the June 4, 2010, Letter reads:

We are obligated to inform you that **you have 30 days from the dale of this letter to dispute the amount owed (or any portion thereof)**, If you notify us in writing within the 30-day period that any portion of the debt is incorrect, we will provide you with evidence from the Creditor that the debt is valid.  In this same written notice, you may also ask us to provide you with the name and address of the original creditor, if it is different from the current Creditor.  If you do not notify us in writing within the 30 day period that the debt, or any portion thereof, is incorrect, we will assume that the entire debt is valid and proceed with any and all collection methods available to us under the law.  Finally, please understand that this is an attempt to collect a debt, Any information obtained will be used for that purpose.

(Exhibit "C") (emphasis added).

76.     The June 4, 2010, Letter violates § 1692g(a)(3) by requiring notice of dispute within "30 days from the date of this letter."  The statute requires notice of dispute "within thirty days after *receipt*" of the collection notice. 15 U.S.C. § 1692g(a)(3) (emphasis added).

77.     "[S]uch misstatements violate the statute because they lead debtors to believe that they have less than thirty days to respond."  *In re Turner*, 07-11450-DHW, 2008 WL 4168488 (Bankr. M.D. Ala. Sept. 5, 2008)

78.     "Congress intended to protect "against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors [sic] time to respond." *Id.* (*citing Cavallaro,* 933 F.Supp. at 1154).

79.     By mailing, or causing to be mailed, notices stating that debtors have thirty days *from the date of the letter* to challenge the debt, Defendants led debtors to believe that they had less than thirty days to obtain verification of the debt.  "That is a clear violation of the statute, as the court concluded in *Cavallaro* involving a FDCPA claim against a law firm that sent out notices that very similarly misstated the time the debtor had to respond and dispute the debt. The court entered summary judgment against the defendant based upon that per se violation of § 1692g:

> The validation notice stated that Plaintiff should dispute the debt 'within thirty (30) days from the date of this notice' rather than, as mandatorily required by the statute, within 30 days of receipt of the notice. 15 U.S.C. § 1692g(a)(3).... Although only a small minority of debt collectors may engage in such tactics, courts cannot discriminate in identifying violators of § 1692g(a)(3) when faced with a strict liability statute that proscribes specific acts regardless of intent.

*Id.* (*citing Cavallaro,* 933 F.Supp. at 1154).[6]

80.     Defendants violated 15 U.S.C. § 1692g(a)(3) by mailing, or causing to be mailed to Plaintiff, the June 4, 2010, Letter which states that disputes must be made within 30 days of the date of the Letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

---

[6] "As *Cavallaro* explains, one would not expect such a clear violation of the statute to occur that often. Unfortunately it occurred here. . . . where a notice has required debtors to challenge the debt within thirty days of the date on the notice, rather than from the date of receipt[.]   [O]ther courts in the Circuit have found notices that similarly failed to track the language of the statute violated § 1692g.   For example, in *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273, 1276-77 (S.D. Fla.2006), Judge Cohn recently found that the debt collector's addition of the words 'in writing' to subsection (a)(3) violated § 1692g. The court in that case noted: '... the plain language of the statute is clear and unambiguous and does not require the insertion of additional language.' *Id.*  The court's concern surrounding the inserted additional language was that by requiring debtors to dispute debts in writing, the debt collector curtailed some of the debtor's rights that were triggered under the statute by oral disputes."   *Rivera v. Amalgamated Debt Collection Services, Inc.*, 462 F. Supp. 2d 1223, 1228 (S.D. Fla. 2006).

g. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

h. Adjudging that Defendants violated 15 U.S.C. § 1692g.

i. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

j. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

k. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

l. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT § 1692e(10)

81.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 80.

82.     15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*       \*       \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

83.     "It is a violation to send any communication that conveys to the consumer a false sense of urgency."  *Leyse v. Corporate Collection Services, Inc*., 2006 WL 2708451 (S.D. N.Y.

2006), citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988); *see also Romine v. Diversitied Collection Servs*., 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

84.    Defendants violated 15 U.S.C. § 1692e(10) by sending, or causing to be sent to Plaintiff, a Letter which artificially shortens the statutory period during which Plaintiff had the right to dispute the validity of the alleged debt.  *See supra* at Count II.

85.    Defendants' communications substantially and materially misrepresents the debtor's rights, in violation of 15 U.S.C. § 1692e(10), because it imposes unilateral restrictions on the debtor's right to dispute alleged debts.

86.    Furthermore, the June 4, 2010, Letter is materially false, misleading, and deceptive in that — in addition to creating a false sense of urgency by artificially shortening the statutory 30-day dispute period — the June 4, 2010, Letter also imposes an artificial requirement that any such dispute be "in writing."

87.    Defendants violated 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b.   Adjudging that Defendants violated 15 U.S.C. § 1692e(10).

c.   Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d.   Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e.  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f.  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

88.   Plaintiff demands trial by jury on all counts.


Dated:  April 21, 2011.                              Respectfully submitted,

                                                     WEISBERG & MEYERS, LLC

                                           By:  /s/ Dennis R. Kurz
                                                Dennis R. Kurz
                                                Texas Bar No. 24068183
                                                dkurz@attorneysforconsumers.com
                                                WEISBERG & MEYERS, LLC
                                                9330 LBJ Freeway, Suite 900
                                                Dallas, TX 75243
                                                Telephone:    (888) 595-9111
                                                Facsimile:    (866) 317-2674

                                                *Attorneys for Plaintiff*
                                                TAMMIE POWELL