IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE POWELL, | § | |
| | § | |
| Plaintiff, on behalf of herself | § | |
| and all others similarly situated, | § | |
| | § | CIVIL ACTION NO. 3:11-cv-0846-M |
| v. | § | |
| | § | |
| PROCOLLECT, INC., and | § | |
| BARRY CURTIS, individually, | § | |
| | § | |
| Defendants. | § | |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

On November 10, 2011, Plaintiff Tammie Powell ("Plaintiff") (on behalf of herself and the Settlement Class Members) in the above-captioned litigation (the "Litigation"), entered into a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement") with Defendants ProCollect, Inc., and Barry Curtis ("Defendants"). The Settlement and exhibits thereto set forth the terms and conditions for the settlement and dismissal of the Litigation with prejudice.

One January 27, 2012, the Court preliminarily approved the Settlement, conditionally certifying this action under Fed. R. Civ. P. 23(b)(1) for settlement purposes only pursuant to Fed. R. Civ. P. 23(e), and also appointing Weisberg & Meyers, LLC, to serve as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g). (*See* Order Preliminarily Approving Settlement and Approving Form and Manner of Notice, Docket Entry #26).

Notice of the Settlement and the July 13, 2012 hearing, was published in the national edition of the USA Today on April 2, 2012, April 9, 2012, and April 16, 2012, as required by the preliminary approval order. (*See* Docket Entry ##26, 28) These publications provided Settlement Class members with notice of the July 13, 2012, final fairness hearing, instructions

for filing objections, and the address of an Internet website where more information (including the Stipulation and Agreement of Settlement) could easily be found.  This notice constitutes the best notice practicable notice under the circumstances of this case and satisfies the requirements of due process.

The Settlement Class members filed no objections and no appearances in this Litigation, either *pro se* or through counsel and, therefore, all Settlement Class members have been deemed to be represented by Settlement Class Counsel (*See* Docket Entry #26).

A hearing was held on July 13, 2012, for the Court to finally determine whether (a) the terms of the Stipulation and Agreement of Settlement are fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court, and whether (b) the Final Judgment as provided under the Stipulation and Agreement of Settlement should be entered, dismissing this Action with prejudice, and to determine whether the releases of the Settling Parties, as set forth in the Stipulation should be approved; and (c) to approve of the fees and expenses to be awarded to Settlement Class Counsel for prosecuting the Litigation.  (*See* Minute Order for Settlement Conference held on 7/13/2012).

All parties appeared through counsel, as stated on the record.  Having determined that its exercise of personal jurisdiction over all parties, and Settlement Class members who have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement, and that subject-matter jurisdiction exists over all claims, the Court read and considered the Settlement and related submissions and arguments.  Having conditionally certified by Order dated January 27, 2012, the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(1); and the parties to the Settlement having consented to entry of this Final Order, the Court finds the Settlement to be fair, reasonable, and adequate.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Court hereby adopts and incorporates all of the findings and definitions contained in its Order Preliminarily Approving Settlement and Approving Form and Manner of Notice (Docket Entry #26). Capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings defined by the Settlement. (*See* Docket Entry #20).

2. (a) The Court hereby finally certifies, for settlement purposes only, a class pursuant to Fed. R. Civ. P. 23(b)(1) defined as follows:

> All Persons located in the United States of America to whom, between April 22, 2010 to April 22, 2011, inclusive, ProCollect sent the Letter or any written communication of substantially similar or materially identical form, including any initial validation letter or other letter meant to satisfy the statutory requirements of 15 U.S.C. 1692g(a).

The term "Letter" means the written communication attached to the Class Action Complaint as Exhibit "C", and includes any written communication of substantially similar or materially identical form sent to any Person during the Settlement Class Period. Excluded from the Settlement Class are the United States of America, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit, the Justices of The United States Supreme Court, all officers and agents of Defendants, and all persons related to within the second degree of consanguinity or affection to any of the foregoing individuals.

(b) The Court finds that (i) Members of the Settlement Class are so numerous as to make joinder impracticable; (ii) common questions of law and fact exist as to all Members of the Settlement Class; (iii) the claims of Plaintiff are typical of the claims of the Settlement Class she represents; and (iv) the interests of the Members of the Settlement Class are, and have been, fairly and adequately represented by Plaintiff and Settlement Class Counsel in this Litigation.

3

(c) The Court further finds that prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

3. Pursuant to 23(e)(1)(C), the Court hereby finally approves the Stipulation and Agreement of Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.  Having thoroughly examined the Settlement and supporting documentation and having carefully considered the briefing and oral argument submitted by Settlement Class Counsel in light of the totality of the circumstances surrounding the Litigation—in light of the final approval factors—the Court specifically determines:  (1) that there is no evidence of the existence of fraud or collusion behind the settlement, and that (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of Settlement Class Counsel and Plaintiff establish the Settlement's fairness, reasonableness, and adequacy.

4. Therefore, Final Judgment as provided under the Stipulation and Agreement of Settlement shall be entered, dismissing the Complaint filed in this Action with prejudice, and the releases of the Settling Parties, as set forth in the Stipulation, are hereby approved.

5. On the Settlement Effective Date, all Members of the Settlement Class shall conclusively be deemed to have dismissed with prejudice all claims asserted or that could have been asserted against Defendants in the Litigation and to have released all the Released Claims against the Released Parties, and shall be forever barred and enjoined from asserting, prosecuting, or continuing the prosecution of any of the Released Claims against the Released

Parties pursuant to the terms of the Stipulation and Agreement of Settlement.

6. All Members of the Settlement Class shall be bound by all determinations and judgments in this Litigation concerning the Stipulation and Agreement of Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class.

7. All proceedings in the Litigation shall remain stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and Agreement of Settlement, until Settlement Class Counsel files notice that the Settlement has been fully executed and that all obligations created by the Stipulation and Agreement of Settlement have been fully performed. At such time this Action shall be dismissed with prejudice and neither Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding, in any court or tribunal, asserting any of the Released Claims.

8. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement, including any applications for awards of fees and expenses to Settlement Class Counsel. The amount of fees and expenses to be awarded to Settlement Class Counsel incurred in prosecuting the Litigation shall be addressed by a separate Order which shall in all respects form part of this Order and the Final Judgment.

**IT IS SO ORDERED.**

SIGNED: July 18, 2012.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2012, and respectfully submitted,

KORN, BOWDICH & DIAZ, LLP

By:  By:  /s/ John W. Bowdich

| | |
|---|---|
| Noah D. Radbil | John W. Bowdich |
| Texas Bar No. 24071015 | Texas Bar No. 00796233 |
| Dennis R. Kurz | jbowdich@kbdtexas.com |
| Texas Bar No. 24068183 | Korn, Bowdich & Diaz, LLP |
| dkurz@attorneysforconsumers.com | 4221 Avondale Ave. |
| Weisberg & Meyers, LLC | Dallas, Texas 75219 |
| 9330 LBJ Freeway, Suite 900 | Telephone:   (214) 521-8800 |
| Dallas, TX 75243 | Facsimile:   (214) 521-8821 |
| Telephone:   (888) 595-9111 | |
| Facsimile:   (866) 317-2674 | *Attorneys for Defendants* |
| | PROCOLLECT, INC., and |
| *Attorneys for Plaintiff* | BARRY CURTIS |
| TAMMIE POWELL | |